# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MINNESOTA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>SOVEREIGN RESOURCE MANAGEMENT, INC.,<br>KEN MITRA,<br>VIRGIL E. SMITH, individually and d/b/a Maximus Capital Consultants; and<br>ANTHONY J. HEPPNER, individually and d/b/a J.T. Investments,<br><br>Defendants. | Civil Action No.<br>02-CV-1783MJD/JGL<br><br>Honorable Michael J. Davis |

## ORDER OF DEFAULT JUDGMENT FOR PERMANENT INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST DEFENDANTS SOVEREIGN RESOURCE MANAGEMENT, INC., KEN MITRA AND VIRGIL E. SMITH

Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint against the defendants in this case on July 18, 2002, seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (2001), and the Commission Regulations promulgated thereunder, 17 C.F.R. §§ 1 et. seq. (2002). Defendants Sovereign Resource Management, Inc. ("Sovereign"), Ken Mitra and Virgil E. Smith did not answer or otherwise defend against the Complaint within the time permitted by the Federal Rules of Civil Procedure and the Commission has now moved for a default judgment including an Order of Permanent Injunction and Other Ancillary Relief against them ("Order").

The Court has considered the Complaint, Memorandum in support of the Application for a Default Judgment, Declarations and other Exhibits that comprise the Appendix in Support of the Application for Default Judgment and other papers filed herein and being fully advised in the premises:

THE COURT FINDS:

1. This Court has subject matter jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-(e), because the defendants are found in, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3. The defendants, directly and indirectly, have made use of the means and instrumentalities of interstate commerce, and the mails, in connection with the acts, practices and courses of business complained of herein.

4. On July 19, 2002, Smith was duly served with a copy of the Complaint and on July 26, 2002, Mitra and defendant Sovereign, through its agent Mitra, were also served with a copy of the Complaint. However, Sovereign, Mitra and Smith have failed to answer or otherwise defend against the Complaint within the time permitted by Rule 12 of the Federal Rules of Civil Procedure.

5. Sovereign, Mitra and Smith have been given adequate notice of the Plaintiff's Application for this Order.

6. The allegations of the Complaint are well pleaded and hereby taken as true as they relate to defendants Sovereign, Mitra and Smith.

7. The Plaintiff has made a showing that defendants Sovereign, Mitra and Smith have engaged, are engaging, and are about to engage in acts and practices which violate Sections 4b(a)(i) and (iii), 4o(1)(A) and (B) of the Act, 7 U.S.C. § 6b(a)(i) and (iii) and 6o(1)(A) and (B); that defendants Sovereign and Smith have engaged, are engaging, and are about to engage in acts and practices which violate Section 4b(a)(ii), 7 U.S.C. § 6b(a)(ii); that defendants Sovereign and Mitra have engaged, are engaging, and are about to engage in acts and practices which violate Section 4m(1) of the Act, 7 U.S.C. § 6m(1); that defendants Mitra and Smith have engaged, are engaging, and are about to engage in acts and practices which violate Section 4k(2) of the Act, 7 U.S.C. § 6k(2); and that defendants Sovereign and Mitra have engaged, are engaging, and are about to engage in acts and practices which violate Commission Regulation 4.21 (2002).

8. The totality of the circumstances establish that, unless restrained and enjoined by this Court, there is a reasonable likelihood that Sovereign, Mitra and Smith will continue to engage in the acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act and Regulations.

9. Imposition of other ancillary equitable relief is required to comply with the basic objectives of the Act. Furthermore, the gravity of Sovereign, Mitra and Smith's violations and the need to deter others from committing similar violations of the Act and Regulations warrants the imposition of a civil monetary penalty against Sovereign, Mitra and Smith.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT

Judgment shall be and hereby is entered in favor of Plaintiff Commission and against Defendants Sovereign, Mitra and Smith as follows:

A.  Defendants Sovereign, Mitra and Smith are permanently restrained, enjoined and prohibited from, directly or indirectly:

1. Cheating, defrauding or deceiving investors in or in connection with orders to make, or the making of, contracts of sale of commodities for future delivery, made, or to be made, for or on behalf of other persons where such contracts for future delivery were or may have been used for (a) hedging any transaction in interstate commerce in such commodity, or the products or byproducts thereof, or (b) determining the price basis of any transaction in interstate commerce in such commodity, or (c) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof, in violation of Section 4b(a)(i) and (iii) of the Act, 7 U.S.C. §§ 6b(a)(i) and (iii);

2. Directly or indirectly employing one or more devices, schemes, or artifices to defraud pool participants or prospective pool participants, or engaging in transactions, practices or courses of business which operate as a fraud or deceit upon pool participants or prospective pool participants, or engaging in transactions, practices or courses of business which operate as a fraud or deceit upon pool participants or prospective pool participants, in violation of Section 4*o*(1)(A) and (B) of the Act, 7 U.S.C. § 6*o*(1)(A) and (B).

B.  Defendants Sovereign and Smith and all persons insofar as they are or have been acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of and all

4

persons insofar as they are or have been acting in active concert or participation with Sovereign and Smith, who receive actual notice of this Order by personal service or otherwise, are permanently restrained, enjoined and prohibited from, directly or indirectly, willfully making or causing to be made to such other person any false report or statement thereof, in violation of Section 4b(a)(ii) of the Act, 7 U.S.C. § 6b(a)(ii).

C.     Defendants Sovereign and Mitra are permanently restrained, enjoined and prohibited from operating as a commodity pool operator engaged in the business of soliciting, accepting, or receiving from others, funds, securities, or property, for the purpose of trading in any commodity for future delivery on or subject to the rules of any contract market without being registered with the Commission as a CPO, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1).

D.     Defendants Mitra and Smith are permanently restrained, enjoined and prohibited from soliciting, accepting, or receiving from others, funds, securities, or property, for the purpose of trading in any commodity for future delivery on or subject to the rules of any contract market without being registered with the Commission as an AP of a CPO, in violation of Section 4k(2) of the Act, 7 U.S.C. § 6k(2).

E.     Defendants Sovereign and Mitra are permanently restrained, enjoined and prohibited from directly or indirectly failing to deliver to prospective pool participants a Disclosure Document proving the information required by Regulations 4.24 and 4.25, 17 C.F.R. §§ 4.24 and 4.25, in violation of Regulation 4.21.

F.     Defendants Sovereign, Mitra and Smith are permanently restrained, enjoined and prohibited from directly or indirectly engaging in any commodity futures or options related activity, including but not limited to:

1. Soliciting investors and accepting any funds from any person for the purpose of trading commodity futures, security futures, options, options on futures, or foreign currency futures contracts;

2. Soliciting, accepting or placing orders, giving advice or price quotations or other information in connection with the purchase or sale of commodity futures contracts for themselves or others, introducing customers to any other person engaged in the business of commodity futures trading, issuing statements or reports to others concerning commodity futures trading, security futures, options, options on futures, or foreign currency futures trading for or on behalf of any other person or entity whether by power of attorney or otherwise and otherwise engaging in any business activities related to commodity futures trading;

3. Controlling or directing the trading for any commodity futures, security futures, options, options on futures, or foreign currency futures for or on behalf of any other person or entity, whether by power of attorney or otherwise;

4. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, or acting as a principal, agent or officer or employee of any person registered, required to be registered or exempted from registration with the Commission under the Act.

G.      The injunctive provisions of this Order shall be binding on defendants Sovereign, Mitra and Smith, and any person insofar as he or she is acting in the capacity of an agent, servant, employee, successor, or assign or attorney of defendants Sovereign, Mitra or Smith, and

upon any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Sovereign, Mitra or Smith.

IT IS FURTHER ORDERED THAT:

1. Restitution. Within thirty (30) days of the date of this Order, defendants Sovereign, Mitra and Smith shall jointly and severally pay restitution in the amount of $3,127,752 ("Restitution Amount"). In addition, Sovereign, Mitra and Smith shall pay pre-judgment interest thereon from July 18, 2002 to the date of this Order calculated at the underpayment rate established by the Internal Revenue Service, pursuant to 26 U.S.C. § 662(a)(2). Sovereign, Mitra and Smith shall also pay post-judgment interest at the Treasury Bill rate prevailing on the date this Order is entered, pursuant to 28 U.S.C. § 1961(a), from the date this Order is entered until the date full payment of restitution is made, or such other amount that the Plaintiff may prove is equitable and justly owed. The persons to whom the restitution amounts shall be paid, and pro rata distribution percentages by which each participant shall be paid from the Restitution Amount are set forth in Attachment A hereto. Omission from Attachment A shall in no way limit the ability of any participant from seeking recovery from Sovereign, Mitra and Smith or any other person or entity. Within thirty days of the date of this Order, Sovereign, Mitra and Smith shall provide the Restitution Amount to the National Futures Association ("NFA") c/o Daniel A. Driscoll, Esq., Executive Vice President, Chief Compliance Officer, or his successor, at the following address: National Futures Association, 200 West Madison Street, Chicago, IL 60606 under cover of a letter that identifies the defendant making payment and the name and docket number of the proceeding. Upon the receipt of funds for the payment of the Restitution Amount, The NFA will subsequently distribute the

funds to investors in accordance with Attachment A and only after the NFA verifies each participant's claim to a portion of the Restitution Amount.

2.  <u>Civil Monetary Penalty</u>.  Within thirty (30) days of the date of this Order, Sovereign shall pay a civil penalty of $550,000, Mitra shall pay a civil penalty of $660,000 and Smith shall pay a civil penalty of $440,000 to the Commission sent to Dennese Posey, or her successor, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, DC 20581, under cover of a letter that identifies defendant making payment and the name and docket number of the proceeding.  The defendant making payment shall simultaneously transmit a copy of the cover letter and the form of payment to Gregory G. Mocek, Director, Division of Enforcement, Commodity Futures Trading Commission, at the following address: 1155 21st Street, NW, Washington, DC 20581.

3.  Sovereign, Mitra and Smith shall not transfer or cause others to transfer funds or other property to the custody, possession or control of any other person for the purpose of concealing such funds or property from the Court, the Commission, or any officer that may be appointed by the Court.

4.  This Court shall retain jurisdiction of this cause to assure compliance with this Order.

Ordered this __26__ day of __March__, 2004

_Michael J. D._____
United States District Court Judge

8